UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEICO GOVERNMENT EMPLOYEES
INDEMNITY COMPANY, d/b/a GEICO,

        Plaintiff,

v.

LARRY WIELEN, JR.,

        Defendant.
                               /

Case No. 05-71053

Honorable John Corbett O'Meara

**OPINION AND ORDER GRANTING
PLAINTIFF'S JANUARY 13, 2006 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on plaintiff GEICO's January 13, 2006 motion for summary judgment. Defendant Larry Wielen, Jr. filed a response March 2, 2006; and GEICO filed an amended reply brief April 19, 2006. Oral argument was heard April 27, 2006.

**BACKGROUND FACTS**

This action arises following an automobile accident which took place in Michigan on December 12, 2004. Defendant Larry Wielen filed a claim seeking personal protection insurance benefits from plaintiff GEICO, an insurance company with which he had a contract of insurance issued in Florida[1]. GEICO refused to pay the requested benefits because Wielen had failed to secure registration of his vehicle in Michigan. Wielen argues that he was not required to register it because he was not a resident of Michigan.

There is no dispute that Wielen lived in Michigan from July 2004 through the time of his car accident in mid-December. He came to Michigan to attend his daughter's high school graduation

---

[1] Wielen had lived in Florida the previous 12 years.

and then stayed, enrolling in respiratory therapy courses Delta College.  During the relevant time period, Wielen never applied for a Michigan driver's license, never changed his voter registration from Florida to Michigan, and never obtained Michigan No- Fault Insurance.  In addition, Wielen did not buy or rent property in Michigan; instead, from July through December, he stayed with his brother, his parents, his ex-wife, or his friends.

Plaintiff GEICO filed this action for declaratory judgment seeking a determination from the court whether Wielen is entitled to the requested benefits.

## **LAW AND ANALYSIS**

Pursuant to Mich. Comp. Laws Ann. § 500.3102,

> A non-resident owner or registrant of a motor vehicle or motorcycle not registered in this state shall not operate or permit the motor vehicle or motorcycle to be operated in this state for an aggregate of more than 30 days in any calendar year unless he or she continuously maintains security for the payment of benefits pursuant to this chapter.

Section 500.3101 provides,

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.  Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway.

Section 500.3113 allows,

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

\*   \*   \*

> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103[2] was not in effect.

\* \* \*

Finally, Section 257.243 states, in relevant part,

> (1) A non-resident owner, except as otherwise provided in this section, owning any foreign vehicle of a type otherwise subject to registration under this act may operate or permit the operation of the vehicle within this state without registering the vehicle in, or paying any fees to, this state if the vehicle at all times when operated in this state is duly registered in, and displays upon it a valid registration certificate and registration plate or plates issued for the vehicle in the place of residence of the owner.
> 
> \* \* \*
> 
> (4) A non-resident owner of a pleasure vehicle otherwise subject to registration under this act shall not operate the vehicle for a period exceeding 90 days without securing registration in this state.

Wielen insists that he his not a resident of Michigan and had no intention of remaining in Michigan after he finished the semester at Delta College, which, ironically, was the day after his accident. For the purposes of summary judgment, the court is required to view the facts in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Bender v. Southland Corp., 749 F.2d 1205, 1210-11 (6th Cir. 1984). Therefore, the court will assume that Wielen was and is a non-resident of Michigan.

As a non-resident, Wielen had 90 days in which to secure registration in the state of Michigan for his "pleasure vehicle." He concedes that he arrived in Michigan in July 2004, enrolled in college, and lived continuously here until the time of the accident in mid-December 2004. He used

---

[2] This section applies only to motorcycles.

his car to go to school, to go to work during the short period he was employed, and to visit friends and family.

Although Wielen claims that his is not a "pleasure vehicle," he cites no case law to support his position. A Michigan court, however, has distinguished a "pleasure vehicle" from other vehicles by finding that "the vehicle's indicated use was as a pleasure, rather than a business, vehicle." Mantua v. Auto Club Ins. Assoc., 206 Mich. App. 274, 276 (1994). The Mantua court determined that the plaintiff's Geo Tracker was considered a "pleasure vehicle" when it was being driven on a "nonbusiness-related trip." Id.

In this case, Wielen used his Honda Civic to commute to school and to travel to see his family and friends. The car was not used for business or commercial purposes. Therefore, it is a pleasure vehicle; and pursuant to Section 257.243(4), he was required to register the car in Michigan within 90 days. Because he failed to register the car within 90 days, pursuant to Section 3113(b), the security required by Section 3101 was not in effect. Accordingly, plaintiff GEICO is entitled to summary judgment.

## ORDER

It is hereby **ORDERED** that plaintiff GEICO's January 13, 2006 motion for summary judgment is **GRANTED.**

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: May 4, 2006